UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **Federal National Mortgage Association** | CIVIL ACTION NO: |
| **Plaintiff** | **COMPLAINT** |
| vs. | RE:<br>64 Park Street, East Millinocket, ME 04430 |
| **Jennifer A. Murray** | |
| **Defendant** | Mortgage:<br>June 25, 2007<br>Book 11014, Page 266 |

NOW COMES the Plaintiff, Federal National Mortgage Association, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendant, Jennifer A. Murray, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by Federal National Mortgage Association, in which the Defendant, Jennifer A. Murray, is the obligor and the total amount owed under the terms of the Note is Eighty One Thousand Eight Hundred Fifty Four Dollars and Thirty Two Cents ($81,854.32), plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. Federal National Mortgage Association is a corporation organized under the laws of the State of Delaware, with its principal place of business located at 14221 Dallas Parkway, Suite 1000, Dallas, Texas 75254.

5. The Defendant, Jennifer A. Murray, is a resident of East Millinocket, County of Penobscot and State of Maine.

## FACTS

6. On June 21, 2007, by virtue of a Warranty Deed from Charles L. Woodmancy, Sr., which is recorded in the Penobscot County Registry of Deeds in **Book 11014, Page 265**, the property situated at 64 Park Street, County of Penobscot, and State of Maine, was conveyed to the Defendant, Jennifer A. Murray, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

7. On June 25, 2007, the Defendant, Jennifer A. Murray, executed and delivered to American Home Mortgage a certain Note in the amount of $36,872.00. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

8. To secure said Note, on June 25, 2007, the Defendant, Jennifer A Murray, executed a Mortgage in favor of Mortgage Electronic Registration Systems, Inc., as nominee for American Home Mortgage, securing the property located at 64 Park Street, East Millinocket, ME 04430 which Mortgage is recorded in the Penobscot County Registry of Deeds **in Book 11014**, **Page 266**. See Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

9. The Mortgage was then assigned to Countrywide Home Loans Servicing, LP by virtue of an Assignment of Mortgage dated March 12, 2009 and recorded in the Penobscot County Registry of Deeds in **Book 11698, Page 237**. *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

10. The Mortgage was then further assigned to Federal National Mortgage Association by virtue of a Corporation Assignment of Mortgage dated April 19, 2012 and recorded in the Penobscot County Registry of Deeds in **Book 12800, Page 281**. *See* Exhibit E (a true and correct copy of the Corporation Assignment of Mortgage is attached hereto and incorporated herein).

11. The transfer of all the rights contained in the Mortgage to the Plaintiff is further ratified and confirmed by virtue of a Court Order issued from the Penobscot County Superior Court Docket No.: BANSC-RE-2015-35, entered on June 22, 2016 and recorded in the Penobscot County Registry of Deeds in **Book 14280, Page 146.** *See* Exhibit F (a true and correct copy of the Order is attached hereto and incorporated herein.

12. On October 11, 2010, the Defendant, Jennifer A. Murray, executed a Loan Modification Agreement. *See* Exhibit G (a true and correct copy of the Loan Modification is attached hereto and incorporated herein).

13. On May 14, 2013, the Defendant, Jennifer A. Murray, executed a second Loan Modification Agreement. *See* Exhibit H (a true and correct copy of the Loan Modification is attached hereto and incorporated herein).

14. On November 14, 2017, the Defendant, Jennifer A. Murray, was sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter"). *See* Exhibit I (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

15. The Demand Letter informed the Defendant, Jennifer A. Murray, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit I.

16. The Defendant, Jennifer A. Murray, failed to cure the default prior to the expiration of the Demand Letter.

17. The Plaintiff, Federal National Mortgage Association, is the present holder of the Note pursuant to endorsement by the previous holder, payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., 10 M.R.S. § 9416, and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

18. The Plaintiff, Federal National Mortgage Association, is the lawful holder and owner of the Note and Mortgage.

19. The total debt owed under the Note and Mortgage as of July 2, 2018, if no payments are made, is Eighty One Thousand Eight Hundred Fifty Four Dollars and Thirty Two Cents ($81,854.32), which includes unpaid Principal Balance in the amount of Forty Two Thousand Six Hundred Seventy Dollars and Thirty Cents ($42,670.36); Accrued Interest in the amount of Eight Thousand Three Hundred Ninety Six Dollars and Twenty Five Cents ($8,396.25); Escrow Overdraft in the amount of Fifteen Thousand Six Hundred Forty Three Dollars and Fifty One Cents ($15,643.51); Deferred Principal in the amount of Eight Thousand Seventy Four Dollars and Eighty Cents ($8,074.80); Foreclosure Charges in the amount of One Hundred Thirty Six Dollars and Two Cents ($136.02); Late Charges in the amount of Seventeen Dollars and Eighty Eight Cents ($17.88); Pro Rata MIP/PMI in the amount of Six Dollars and Fifteen Cents ($6.15); Property Inspection Costs in the amount of One Thousand Ten Dollars and Zero Cents ($1,010.00); Property Preservation Costs in the amount of Five Thousand Four Hundred Ninety Eight Dollars and Twenty Cents ($5,498.20); Title Costs in the amount of Three Hundred Ninety Five Dollars and Zero Cents ($395.00); and Private Mortgage Insurance in the amount of Six Dollars and Fifteen Cents ($6.15).

20. Upon information and belief, the Defendant, Jennifer A. Murray, is presently not in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE

21. The Plaintiff, Federal National Mortgage Association, repeats and realleges paragraphs 1 through 20 as if fully set forth herein.

22. This is an action for foreclosure respecting a real estate related Mortgage and title located at 64 Park Street, East Millinocket, County of Penobscot, and State of Maine. *See* Exhibit A.

23. The Plaintiff, Federal National Mortgage Association, is the holder of the Note referenced in Paragraph 7 pursuant to endorsement by the previous holder and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).  As such, the Plaintiff, Federal National Mortgage Association, has the right to foreclosure upon the subject property.

24. The Plaintiff, Federal National Mortgage Association, is the current owner and investor of the aforesaid Mortgage and Note.

25. The Defendant, Jennifer A. Murray, is presently in default on said Mortgage and Note, having failed to make the monthly payment due September 1, 2013, and all subsequent payments, and, therefore, has breached the condition of the aforesaid Mortgage and Note.

26. The total debt owed under the Note and Mortgage as of July 2, 2018, if no payments are made, is Eighty One Thousand Eight Hundred Fifty Four Dollars and Thirty Two Cents ($81,854.32), which includes unpaid Principal Balance in the amount of Forty Two Thousand Six Hundred Seventy Dollars and Thirty Cents ($42,670.36); Accrued Interest in the amount of Eight Thousand Three Hundred Ninety Six Dollars and Twenty Five Cents ($8,396.25); Escrow Overdraft in the amount of Fifteen Thousand Six Hundred Forty Three Dollars and Fifty One Cents ($15,643.51); Deferred Principal in the amount of Eight Thousand Seventy Four Dollars and Eighty Cents ($8,074.80); Foreclosure Charges in the amount of One Hundred Thirty Six Dollars and Two Cents ($136.02); Late Charges in the amount of Seventeen Dollars and Eighty Eight Cents ($17.88); Pro Rata MIP/PMI in the amount of Six Dollars and Fifteen Cents ($6.15); Property Inspection Costs in the amount of One Thousand Ten Dollars and Zero Cents ($1,010.00); Property Preservation Costs in the amount of Five Thousand Four Hundred Ninety Eight Dollars and Twenty Cents

($5,498.20); Title Costs in the amount of Three Hundred Ninety Five Dollars and Zero Cents ($395.00); and Private Mortgage Insurance in the amount of Six Dollars and Fifteen Cents ($6.15).

27. The record established through the Penobscot County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

28. By virtue of the Defendant's breach of condition, the Plaintiff hereby demands a foreclosure on said real estate.

29. Notice in conformity with 14 M.R.S.A. §6111 was sent to the Defendant, Jennifer A. Murray, on November 14, 2017 and was returned on or about November 22, 2017. *See* Exhibit I.

30. The Defendant, Jennifer A. Murray, is not in the Military as evidenced by the attached Exhibit J.

31. Upon information and belief, our client believes the property is vacant and secured.

## COUNT II – BREACH OF NOTE

32. The Plaintiff, Federal National Mortgage Association, repeats and re-alleges paragraphs 1 through 31 as if fully set forth herein.

33. On June 25, 2007, the Defendant, Jennifer A. Murray, executed and delivered to American Home Mortgage a certain Note in the amount of $36,872.00. *See* Exhibit B.

34. The Defendant, Jennifer A. Murray, is in default for failure to properly tender the September 1, 2013 payment and all subsequent payments. *See* Exhibit I.

35. The Plaintiff, Federal National Mortgage Association, is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Jennifer A. Murray.

36. The Defendant, Jennifer A. Murray, having failed to comply with the terms of the Note and Mortgage, is in breach of both the Note and the Mortgage.

37. The Defendant, Jennifer A. Murray's breach is knowing, willful, and continuing.

38. The Defendant, Jennifer A. Murray's breach has caused the Plaintiff Federal National Mortgage Association to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

39. The total debt owed under the Note and Mortgage as of July 2, 2018, if no payments are made, is Eighty One Thousand Eight Hundred Fifty Four Dollars and Thirty Two Cents ($81,854.32), which includes unpaid Principal Balance in the amount of Forty Two Thousand Six Hundred Seventy Dollars and Thirty Cents ($42,670.36); Accrued Interest in the amount of Eight Thousand Three Hundred Ninety Six Dollars and Twenty Five Cents ($8,396.25); Escrow Overdraft in the amount of Fifteen Thousand Six Hundred Forty Three Dollars and Fifty One Cents ($15,643.51); Deferred Principal in the amount of Eight Thousand Seventy Four Dollars and Eighty Cents ($8,074.80); Foreclosure Charges in the amount of One Hundred Thirty Six Dollars and Two Cents ($136.02); Late Charges in the amount of Seventeen Dollars and Eighty Eight Cents ($17.88); Pro Rata MIP/PMI in the amount of Six Dollars and Fifteen Cents ($6.15); Property Inspection Costs in the amount of One Thousand Ten Dollars and Zero Cents ($1,010.00); Property Preservation Costs in the amount of Five Thousand Four Hundred Ninety Eight Dollars and Twenty Cents ($5,498.20); Title Costs in the amount of Three Hundred Ninety Five Dollars and Zero Cents ($395.00); and Private Mortgage Insurance in the amount of Six Dollars and Fifteen Cents ($6.15).

40. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

41. The Plaintiff, Federal National Mortgage Association, repeats and re-alleges paragraphs 1 through 40 as if fully set forth herein.

42. By executing, under seal, and delivering the Note, the Defendant, Jennifer A. Murray, entered into a written contract with American Home Mortgage who agreed to loan the amount of $36,872.00 to the Defendant. *See* Exhibit B.

43. As part of this contract and transaction, the Defendant, Jennifer A. Murray, executed the Mortgage to secure the Note and the subject property. *See* Exhibit C.

44. The Plaintiff, Federal National Mortgage Association, is the proper holder of the Note and successor-in-interest to American Home Mortgage, and has performed its obligations under the Note and Mortgage.

45. The Defendant, Jennifer A. Murray, breached the terms of the Note and Mortgage by failing to properly tender the September 1, 2013 payment and all subsequent payments. *See* Exhibit I.

46. The Plaintiff, Federal National Mortgage Association, is the proper holder of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Jennifer A. Murray.

47. The Defendant, Jennifer A. Murray, having failed to comply with the terms of the Note and Mortgage, is in breach of contract.

48. The Defendant, Jennifer A. Murray, is indebted to Federal National Mortgage Association in the sum of Eighty One Thousand Eight Hundred Fifty Four Dollars and Thirty Two Cents ($81,854.32), for money lent by the Plaintiff, Federal National Mortgage Association, to the Defendant.

49. Defendant Jennifer A. Murray's breach is knowing, willful, and continuing.

50. Defendant Jennifer A. Murray's breach has caused the Plaintiff, Federal National Mortgage Association, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

51. The total debt owed under the Note and Mortgage as of July 2, 2018, if no payments are made, is Eighty One Thousand Eight Hundred Fifty Four Dollars and Thirty Two Cents ($81,854.32), which includes unpaid Principal Balance in the amount of Forty Two Thousand Six Hundred Seventy Dollars and Thirty Cents ($42,670.36); Accrued Interest in the amount of Eight Thousand Three Hundred Ninety Six Dollars and Twenty Five Cents ($8,396.25); Escrow Overdraft in the amount of Fifteen Thousand Six Hundred Forty Three Dollars and Fifty One Cents ($15,643.51); Deferred Principal in the amount of Eight Thousand Seventy Four Dollars and Eighty Cents ($8,074.80); Foreclosure Charges in the amount of One Hundred Thirty Six Dollars and Two Cents ($136.02); Late Charges in the amount of Seventeen Dollars and Eighty Eight Cents ($17.88); Pro Rata MIP/PMI in the amount of Six Dollars and Fifteen Cents ($6.15); Property Inspection Costs in the amount of One Thousand Ten Dollars and Zero Cents ($1,010.00); Property Preservation Costs in the amount of Five Thousand Four Hundred Ninety Eight Dollars and Twenty Cents ($5,498.20); Title Costs in the amount of Three Hundred Ninety Five Dollars and Zero Cents ($395.00); and Private Mortgage Insurance in the amount of Six Dollars and Fifteen Cents ($6.15).

52. Injustice can only be avoided by awarding damages for the total amount owed under the Note and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

## COUNT IV – QUANTUM MERUIT

53. The Plaintiff, Federal National Mortgage Association, repeats and re-alleges paragraphs 1 through 52 as if fully set forth herein.

54. American Home Mortgage, predecessor-in-interest to Federal National Mortgage Association, loaned Defendant, Jennifer A. Murray, $36,872.00.  *See* Exhibit B.

55. The Defendant, Jennifer A. Murray, is in default for failure to properly tender the September 1, 2013 payment and all subsequent payments.  *See* Exhibit I.

56. As a result of the Defendant's failure to perform under the terms of their obligation, the Defendant, Jennifer A. Murray, should be required to compensate the Plaintiff, Federal National Mortgage Association.

57. As such, the Plaintiff, Federal National Mortgage Association, is entitled to relief under the doctrine of *quantum meruit*.

## COUNT V – UNJUST ENRICHMENT

58. The Plaintiff, Federal National Mortgage Association, repeats and re-alleges paragraphs 1 through 57 as if fully set forth herein.

59. American Home Mortgage, predecessor-in-interest to Federal National Mortgage Association, loaned the Defendant, Jennifer A. Murray, $36,872.00.  *See* Exhibit B.

60. The Defendant, Jennifer A. Murray, has failed to repay the loan obligation.

61. As a result, the Defendant, Jennifer A. Murray, has been unjustly enriched to the detriment of the Plaintiff, Federal National Mortgage Association as successor-in-interest to American Home Mortgage by having received the aforesaid benefits and money and not repaying said benefits and money.

62. As such, the Plaintiff, Federal National Mortgage Association, is entitled to relief.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, Federal National Mortgage Association, prays this Honorable Court:

a) Issue a judgment of foreclosure in conformity with Title 14 § 6322;

b) Grant possession to the Plaintiff, Federal National Mortgage Association, upon the expiration of the period of redemption;

c) Find that the Defendant, Jennifer A. Murray, is in breach of the Note by failing to make payment due as of September 1, 2013, and all subsequent payments;

d) Find that the Defendant, Jennifer A. Murray, is in breach of the Mortgage by failing to make payment due as of September 1, 2013, and all subsequent payments;

e) Find that the Defendant, Jennifer A. Murray, entered into a contract for a sum certain in exchange for a security interest in the subject property;

f) Find that the Defendant, Jennifer A. Murray, is in breach of contract by failing to comply with the terms and conditions of the Note and Mortgage by failing to make the payment due September 1, 2013 and all subsequent payments;

g) Find that the Plaintiff, Federal National Mortgage Association, is entitled to enforce the terms and conditions of the Note and Mortgage;

h) Find that by virtue of the money retained by the Defendant, Jennifer A. Murray, has been unjustly enriched at the Plaintiff's expense;

i) Find that such unjust enrichment entitles the Plaintiff, Federal National Mortgage Association, to restitution;

j) Find that the Defendant, Jennifer A. Murray, is liable to the Plaintiff, Federal National Mortgage Association, for money had and received;

k) Find that the Defendant, Jennifer A. Murray, is liable to the Plaintiff for quantum meruit;

l) Find that the Defendant, Jennifer A. Murray, has appreciated and retained the benefit of the Mortgage and the subject property;

m) Find that it would be inequitable for the Defendant, Jennifer A. Murray, to continue to appreciate and retain the benefit of the Mortgage, Note and subject property without recompensing the appropriate value;

n) Find that the Plaintiff, Federal National Mortgage Association, is entitled to restitution for this benefit from the Defendant, Jennifer A. Murray;

o) Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees and court costs;

p) Additionally, issue a money judgment against the Defendant, Jennifer A. Murray, and in favor of the Plaintiff, Federal National Mortgage Association, in the amount of Eighty One Thousand Eight Hundred Fifty Four Dollars and Thirty Two Cents ($81,854.32), the total debt owed under the Note plus interest and costs including attorney's fees and costs;

q) For such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,
Federal National Mortgage Association,
By its attorneys,

Dated: August 31, 2018

/s/ John A. Doonan
John Doonan, Esq. (BBO# 3250)
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 225D
Beverly, MA 01915
(978) 921-2670